**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER J. FOX, *et al.*, | ) | Case No. 1:18-cv-00048-LG-RHW |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HUNT SOUTHERN GROUP, LLC FKA | ) | |
| FOREST CITY SOUTHERN GROUP LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**

For its Answer to Plaintiffs' Complaint, Defendant Forest City Residential Management, LLC ("Forest City") admits, denies, and avers as follows:

**FIRST DEFENSE**

**As to the Parties**

1.

Plaintiff, Christopher J. Fox ("Christopher J."), is an adult citizen of Jackson County, Mississippi residing at 125 Brackish Place, Ocean Springs, Mississippi.

**ANSWER:** Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

2.

Plaintiff, Karen Fox ("Karen"), is an adult citizen of Jackson County, Mississippi residing at 125 Brackish Place, Ocean Springs, Mississippi.

**ANSWER:** Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3.

Plaintiff, Mikaila [sic] Fox ("Mikaila"), is the minor child of Christopher and Karen, her natural guardians, born August 15, 2001, and is a resident of the State of Mississippi, residing at 125 Brackish Place, Ocean Springs, Mississippi.

**ANSWER:** Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4.

Plaintiff, Haley Fox ("Haley"), is the minor child of Christopher and Karen, her natural guardians, born December 23, 2002, and is a resident of the State of Mississippi, residing at 125 Brackish Place, Ocean Springs, Mississippi.

**ANSWER:** Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5.

Plaintiff, Christopher M. Fox ("Christopher M."), is the minor child of Christopher and Karen, his natural guardians, born September 28, 2005, and is a resident of the State of Mississippi, residing at 125 Brackish Place, Ocean Springs, Mississippi.

**ANSWER:** Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6.

Plaintiff, Tristan Fox ("Tristan"), is the minor child of Christopher and Karen, his natural guardians, born November 15, 2007, and is a resident of the State of Mississippi, residing at 125 Brackish Place, Ocean Springs, Mississippi.

**ANSWER:** Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7.

Plaintiff, Easton Fox ("Easton"), is the minor child of Christopher and Karen, his natural guardians, born June 26, 2010, and is a resident of the State of Mississippi, residing at 125 Brackish Place, Ocean Springs, Mississippi.

**ANSWER:** Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8.

Defendant, Hunt Southern Group, LLC (Hunt Southern), formerly known as Forest City Southern Group, LLC (Forest City Southern) is a Delaware Limited Liability Company registered to do business in Mississippi. On March 18, 2016, Forest City Southern Group, LLC filed Articles/Certificate of Amendment with the Mississippi Secretary of State, changing its name to Hunt Southern Group, LLC. Hunt Southern fka Forest City Southern may be served through it registered agent, Capitol Corporate Services, Inc., at 248 E. Capitol Street, Suite 840, Jackson, Mississippi 39201. Hunt Southern fka Forest City Southern is believed to be the owner of the property in issue.

**ANSWER:** Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them.

9.

Defendant, Forest City Residential Management, LLC (Forest City Residential Management), is an Ohio Limited Liability Company, formally known as Forest City Residential Management, Inc., whose registration in Mississippi was administratively dissolved on

November 30, 2016. Forest City Residential Management may be served with process by serving its registered agent for process, FCE Statutory Agent, Inc., 50 Public Square, Suite 1360, Cleveland, Ohio 44113. Forest City Residential Management is listed as the agent for Forest City Southern Group on the lease for the property in issue.

**ANSWER**: Forest City denies the allegation in paragraph 9 that Forest City Residential Management, LLC was formally known as Forest City Residential Management, Inc. Forest City admits the remaining allegations in paragraph 9.

10.

Defendant, Hunt MH Property Management, LLC (Hunt MH Property Management), is a Delaware Limited Liability Company, registered to do business in Mississippi and may be served through its registered agent, Capitol Corporate Services, Inc., at 248 E. Capitol Street, Suite 840, Jackson, Mississippi 39201. Based on information and belief, Hunt MH Property Management is the agent of Hunt Southern and has been charged with the maintenance and upkeep of the property in issue.

**ANSWER**: Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

11.

Other Unknown John and Jane Does A through M are unknown Defendants who may be seasonably supplemented after discovery.

**ANSWER**: Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12.

Other Unknown Corporate Entities N through Z are unknown Defendants who may be seasonally supplemented after discovery.

**ANSWER**:  Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

### As to Jurisdiction and Venue

13.

Jurisdiction is proper in this Court under Miss. Code Ann. § 9-7-81.  Venue is proper in Harrison County as this is the location where the injuries were sustained, where the cause of action accrued and where Plaintiffs resided.  Jurisdiction is also proper pursuant to Miss. Code Ann. § 13-3-57 since Defendants were doing business within the State, made contracts with Plaintiffs, who are residents of Mississippi, those contracts were performed wholly within Harrison County, Mississippi, Second Judicial District, and the alleged tort was committed against Plaintiffs in Mississippi.  Defendants, therefore, should be subjected to the jurisdiction of Mississippi courts.

**ANSWER**:  This action was removed to the United States District Court for the Southern District of Mississippi. Forest City does not contest the jurisdiction or venue of this Court.

### As to the Facts

14.

Christopher J. is a Lieutenant with the United States Navy.  In August of 2014 Christopher J. moved his family to Biloxi, Mississippi as part of a routine change of station. Like other military families moving to the area, the military housing assignment for Plaintiffs was controlled by Defendant Hunt Southern fka Forest City Southern.

**ANSWER:**  Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15.

On or about August 1, 2014 Plaintiffs entered into a Military Lease Agreement for military housing in the Bayridge Neighborhood located at 406 Billy Mitchell Circle in Biloxi, Mississippi in the County of Harrison (Subject Property).  Plaintiffs moved into the Subject Property in September of 2014.  The Subject Property is located in the Bayridge Neighborhood, an exclusive Officers and Senior enlisted Community.  Bayridge is comprised of 330 homes and is located on Keesler Air Force Base.  At all times mentioned herein, Plaintiffs' home was owned, controlled or managed by one of Defendants.

**ANSWER:**  Forest City admits that one or more Plaintiffs lived at 406 Billy Mitchell Circle, Biloxi, Mississippi, which is in the Bayridge subdivision on Keesler Air Force Base, a federal enclave.  Forest City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies them.

16.

At the time Plaintiffs entered into the Military Lease Agreement, Bayridge was owned and operated by Forest City Southern and managed through Forest City Residential Management.  In 2016, Bayridge was acquired by Hunt Southern and operated or managed through Hunt MH Property Management.  Upon information and belief Forest City Southern and Hunt Southern exercised custody and control over Bayridge and acted as the owners of Bayridge through a fifty year lease initiated by the United States Department of Defense through a program called the Military Housing Privatization Initiative.  Essentially, while Defendants own

the improvements on the land and maintain custody and control of the property, the United States maintains an ownership interest in the land.

**ANSWER:** Forest City admits that it acted as the property manager for the Bayridge subdivision at certain times during the residency of Plaintiffs at 406 Billy Mitchell Circle, a federal enclave of Keesler Air Force Base. At all times when Forest City was serving in such a role the United States Air Force owned the property at 406 Billy Mitchell Circle. Forest City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies them.

17.

While residing in the Subject Property, Plaintiffs repeatedly reported maintenance concerns involving mold and water damage. Despite Defendants' maintenance technicians reporting that the mold and leaks were resolved, it was learned that the air conditioner ductwork had a sweating problem and that the mold problem was more pervasive. This duct sweating, caused by poorly insulated ductwork, contributed to the mold and water damage throughout the house. Further it has been recently shown that Defendants have taken significant steps to replace the ductwork in many of the houses they operate.

**ANSWER**: Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18.

Plaintiffs' repeatedly requested that Defendants address mold and leaking problems while residing in the Subject Property. Rather than removing the mold, Defendants cleaned the mold with "soap and water." Fraudulent misrepresentations were made to Plaintiffs by Defendants regarding the removal of the mold. Plaintiffs were told that the mold problem had been rectified

when in fact the cause of the water damage was not addressed. Throughout the entire time Plaintiffs resided in the Subject Property, Defendants never replaced the air conditioner filters. Plaintiffs replaced the filters on their own.

**ANSWER**: In response to paragraph 18, Forest City denies that it made fraudulent representations to Plaintiffs regarding the removal of the mold. Forest City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies them.

19.

Rather than addressing the cause of the leaks, Defendants' maintenance technicians cleaned the mold with soap and water. This allowed for the toxic mold to continue flourishing beneath the surface. Although Defendants learned that condensation was coming from attic ductwork, nothing was done to repair the moisture problem.

**ANSWER**: Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20.

On October 13, 2017, testing was performed on the Subject Property with Teddy Bear Restoration. Teddy Bear performed a Spore Trap Analysis and tested both outside and inside the Subject Property for mold spores. The reports showed high levels of Aspergillus inside the Subject Property with less being found outside the Subject Property. These elevated levels of toxic mold are well-known for causing serious health concerns. See Teddy Bear Restoration Mold Report attached hereto as Exhibit "A."

**ANSWER**: Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21.

Plaintiffs have obtained information from other military housing families leading them to believe that mold issues such as those experienced in their home were commonplace, having occurred in other military housing owned and operated by Defendants including others in Bayridge.

**ANSWER**:  Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22.

As a direct result of the continued exposure to toxic mold located in Plaintiffs' home, all of which was known to Defendants, Plaintiffs have suffered and continue to suffer physical injuries, medical expenses and property damage.

**ANSWER**  Forest City denies the allegations in paragraph 22 to the extent they pertain to it, and denies all remaining allegations in paragraph 22 for lack of information or knowledge sufficient to form a belief as to the truth thereof.

23.

The Subject Property is a water damaged building, a residential structure which has been subject to excessive water intrusion from both external and internal water leaks and moisture accumulation.  The term "water damaged building" is also used in conjunction with a descriptive term now used by the National Academies of Science, the U.S. Centers for Disease Control, and the World Health Organization, i.e., "damp indoor spaces" and "mold related illness," all of which collectively describe a mixture of biologically generated contaminates known to cause adverse human health effects.  Damp Indoor Spaces are now recognized by multiple federal and

medical authorities as a public-health problem, contributing to tens of thousands of illnesses across the country and billions of dollars in medical costs.

**ANSWER**:  Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.

24.

In this case, Plaintiffs had a certified mold investigator identify excessive mold growth and moisture inside the house, typical of a damp indoor space, both by sampling and visual observation.  Aspergillus, known to be a powerful respiratory irritant, was found in the home during the air test.  This spore is particularly dangerous, as it is well known to grow in excessive numbers in damp indoor spaces and to release mycotoxins and VOCs, and have toxic impacts of its own.  The tests exceeded all bounds of sampling error and demonstrate the extremely dangerous conditions Plaintiffs are forced to live in.

**ANSWER**:  Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

25.

Defendants, as large, national managers and owners of thousands of apartment and residential units knew full well of the health risks associated with water damaged buildings and mold.  Defendants failed to remediate mold in the Subject Property and caused serious injury and property loss to Plaintiffs as a result.

**ANSWER**:  Forest City denies the allegations in paragraph 25 to the extent they pertain to it, and denies all remaining allegations in paragraph 25 for lack of information or knowledge sufficient to form a belief as to the truth thereof.

## As to Count I
## (Negligence)

26.

Plaintiffs incorporate herein each and every allegation made in Paragraphs 1 through 25.

**ANSWER**:   In response to paragraph 26, Forest City incorporates its answers to paragraphs 1 through 25 of Plaintiffs' Complaint as if fully rewritten herein.

27.

Defendants, as owners and/or managers of Bayridge:

A.    Failed to provide a reasonably safe premises in accordance with the Military Lease Agreement, which amounted to a breach of the implied warranty of habitability;

B.    Negligently failed to pay for relocation expenses;

C.    Failed to exercise reasonable care to repair dangerous defective conditions upon notice of their existence by Plaintiffs;

D.    Negligently failed to maintain the air conditioning system and ducts in such a way allowing ideal conditions for toxic mold to grow in the Plaintiffs' house, including never replacing the air conditioner filters;

E.    Negligently managed and maintained Bayridge;

F.    Negligently supervised their employees, agents and/or representatives;

G.    Negligently trained and supervised their employees, agents and/or representatives;

H.    Negligently inspected Bayridge for dangerous and harmful conditions;

I.    Negligently remediated the toxic mold contained in the Subject Property;

J.    Knew or should have known that the house contained dangerous levels of toxic mold and did nothing to remedy the toxic mold infestation;

K.      Failed to exercise reasonable care to repair dangerous defective conditions, which included the existence of mass amounts of toxic mold in the Subject Property, upon notice of their existence by Plaintiffs;

L.      Negligently failed to promulgate warnings to their tenants about the existence of toxic mold and/or the possibility of the development of toxic mold; and

M.      Failed to prevent any and all other acts of negligence which may be proven at trial by failing to fulfill its duties to Plaintiffs, thus causing damages which they have suffered.

**ANSWER**:  Forest City denies the allegations in paragraph 27, including subparagraphs A-M, to the extent they pertain to it, and denies all remaining allegations in paragraph 27, including subparagraphs A-M, for lack of information or knowledge sufficient to form a belief as to the truth thereof.

28.

As a direct and proximate result of the negligence of Defendants, Plaintiffs sustained serious and painful personal injuries, extreme mental and physical pain and suffering, anxiety, anguish and upset, losses and damage to their quality of life, and mental and emotional well-being, property damage, and reasonable and necessary doctor, hospital, medical and related bills and expenses.

**ANSWER**:  Forest City denies the allegations in paragraph 28 to the extent they pertain to it, and denies all remaining allegations in paragraph 28 for lack of information or knowledge sufficient to form a belief as to the truth thereof.

**As to Count II**
**(Gross Negligence)**

29.

Plaintiffs incorporate herein each and every allegation made in Paragraphs 1 through 28.

**ANSWER**:  In response to paragraph 29, Forest City incorporates its answers to paragraphs 1 through 28 of Plaintiffs' Complaint as if fully rewritten herein.

30.

At all times mentioned herein, Defendants acted with gross negligence in total disregard of the duties owed to Plaintiffs to the degree that said gross negligence constitutes an intentional act.

**ANSWER**:  Forest City denies the allegations in paragraph 30 to the extent they pertain to it, and denies all remaining allegations in paragraph 30 for lack of information or knowledge sufficient to form a belief as to the truth thereof.

31.

As a direct and proximate result of the gross negligence of Defendants, Plaintiffs have suffered injuries as described herein.

**ANSWER**:  Forest City denies the allegations in paragraph 31 to the extent they pertain to it, and denies all remaining allegations in paragraph 31 for lack of information or knowledge sufficient to form a belief as to the truth thereof.

**As to Count III**
**(Breach of Contract)**

32.

Plaintiffs incorporate herein each and every allegation made in Paragraphs 1 through 31.

**ANSWER**:  In response to paragraph 32, Forest City incorporates its answers to paragraphs 1 through 31 of Plaintiffs' Complaint as if fully rewritten herein.

33.

Defendants breached the Military Lease Agreement entered into with Plaintiffs on August 1, 2014.  The contract was breached for the following reasons:

A.      Defendants violated the Implied Covenant of Good Faith and Fair Dealing when they failed to deal fairly and in good faith causing Plaintiffs to not benefit from the contract;

B.      Defendants violated the Implied Warranty of Habitability, which is implied in all residential leases, when they leased to Plaintiffs a house that was not fit for human habitation;

C.      The negligent management and maintenance of the property led to the moist environment, which is ideal for toxic mold growth;

D.      Defendants failed to successfully complete the annual physical maintenance inspection of the property to ensure the house was up to housing maintenance quality standards by finding and repairing moist conditions that existed in the house;

E.      Defendants' employees or agents physically inspected the Subject Property after the complaints about toxic mold were made to Defendants and nothing was done to properly remedy the toxic mold infestation;

F.      Toxic mold spores were visible in plain sight so that Defendants' employees were able or should have been able to witness toxic mold growing in the houses and still did nothing to remedy the toxic mold infestation; and

G.      Defendants failed to honor the lease provision which allows for relocation of the tenant in the event the housing becomes uninhabitable.  Further the lease provides that "Owner shall pay the cost of the relocation."

**ANSWER**:  Forest City denies the allegations in paragraph 33, including subparagraphs A-G, to the extent they pertain to it, and denies all remaining allegations in paragraph 33, including subparagraphs A-G, for lack of information or knowledge sufficient to form a belief as to the truth thereof.

34.

As a direct and proximate result of Defendants' breaching the contract with Plaintiffs and providing an unreasonably dangerous house, Plaintiffs sustained serious and painful, extreme mental and physical pain and suffering, anxiety, anguish and upset, losses and damage to their quality of life, and mental and emotional well-being, property damage, and reasonable and necessary doctor, hospital, medical and related bills and expenses.

**ANSWER**:  Forest City denies the allegations in paragraph 34 to the extent they pertain to it, and denies all remaining allegations in paragraph 34 for lack of information or knowledge sufficient to form a belief as to the truth thereof.

## As to Count IV
## (Civil Conspiracy)

35.

Plaintiffs incorporate herein each and every allegation contained in Paragraphs 1 through 34.

**ANSWER**:   In response to paragraph 35, Forest City incorporates its answers to paragraphs 1 through 34 of Plaintiffs' Complaint as if fully rewritten herein.

36.

At all times mentioned herein, Defendants operated under an agreement between two or more persons or entities to accomplish the unlawful purpose of concealing dangerous conditions within the Subject Property.  Additionally, each Defendant committed overt acts in furtherance of this conspiracy to conceal the dangerous condition causing damage to Plaintiffs.

**ANSWER**:  Forest City denies the allegations in paragraph 36 to the extent they pertain to it, and denies all remaining allegations in paragraph 36 for lack of information or knowledge sufficient to form a belief as to the truth thereof. Forest City further avers that Plaintiffs have

failed to plead allegations of fraud and civil conspiracy with particularity with respect to Forest City.

## As to Count V
## (Alter Ego)

### 37.

Plaintiffs incorporate herein each and every allegation contained in Paragraphs 1 through 36.

**<u>ANSWER</u>**:  In response to paragraph 37, Forest City incorporates its answers to paragraphs 1 through 36 of Plaintiffs' Complaint as if fully rewritten herein.

### 38.

At all times mentioned herein, Defendants, and each of them, inclusive of Unknown John and Jane Does A through M and Unknown Entities N through Z, were authorized and empowered by each other to act, and did so act, as agents of each other, and all of the things herein alleged to have been done by them were done in the capacity of such agency. Defendants disregarded corporate formalities and used the corporate form to commit the aforementioned malfeasance. Upon information and belief, all Defendants are responsible in some manner for the events described herein and liable to Plaintiffs for the damages they have incurred.

**<u>ANSWER</u>**:  Forest City denies the allegations in paragraph 38 to the extent they pertain to it, and denies all remaining allegations in paragraph 38 for lack of information or knowledge sufficient to form a belief as to the truth thereof. Forest City further avers that "Alter Ego" is not a separate cognizable claim under Mississippi law.

## As to Count VI
## (Fraudulent Concealment)

39.

Plaintiffs incorporate herein each and every allegation contained in Paragraphs 1 through 38.

**<u>ANSWER</u>**: In response to paragraph 39, Forest City incorporates its answers to paragraphs 1 through 38 of Plaintiffs' Complaint as if fully rewritten herein.

40.

Defendants are guilty of fraudulent concealment which, in accordance with Miss. Code §15-1-67, results in Plaintiffs' cause of action accruing when "such fraud shall be, or with reasonable diligence might have been, first known or discovered." The fraudulent actions of Defendants are:

A. Defendants took affirmative action designed or intended to prevent Plaintiffs from discovering the presence of toxic mold in their home, which affirmative action did in fact work to prevent them from discovering the toxic mold, until such time as action was taken by Plaintiffs to confirm the presence of the toxic mold;

B. Defendants' maintenance technicians repeatedly reported that the toxic mold and leaks were located, repaired and removed when in fact they were not;

C. Defendants did not disclose to Plaintiffs that they knew that toxic mold was a problem in the military housing they owned and managed;

D. Defendants did not disclose to Plaintiffs that they knew that toxic mold had caused serious health problem to residents of military housing they owned and managed; and

E.     Defendants did not disclose to Plaintiffs that they knew the military housing they owned and managed suffered from serious construction defects that caused damp indoor spaces making the growth of toxic mold foreseeable.

**ANSWER**: Forest City denies the allegations in paragraph 40, including subparagraphs A-E, to the extent they pertain to it, and denies all remaining allegations in paragraph 40, including subparagraphs A-E, for lack of information or knowledge sufficient to form a belief as to the truth thereof. Forest City further avers that Plaintiffs have failed to plead allegations of fraud with particularity with respect to Forest City.

### As to Count VII
### (Intentional Endangerment)

41.

Plaintiffs incorporate herein the allegations contained in Paragraphs 1 through 40.

**ANSWER**:    In response to paragraph 41, Forest City incorporates its answers to paragraphs 1 through 40 of Plaintiffs' Complaint as if fully rewritten herein.

42.

At all times mentioned herein, Defendants' actions were intentional and endangering to Plaintiffs.   This included intentionally endangering Plaintiffs by allowing them to live in dangerous housing conditions, intentionally endangering Plaintiffs by allowing the dangerous conditions to persist, intentionally endangering Plaintiffs by failing to remedy the dangerous conditions, and intentionally endangering Plaintiffs by failing to relocate Plaintiffs after the dangerous conditions were discovered.

**ANSWER**: Forest City denies the allegations in paragraph 42 to the extent they pertain to it, and denies all remaining allegations in paragraph 42 for lack of information or knowledge

sufficient to form a belief as to the truth thereof. Forest City further avers that "Intentional Endangerment" is not a separate cognizable claim under Mississippi law.

**As to Discovery Rule**

43.

Plaintiffs incorporate herein the allegations contained in Paragraphs 1 through 42.

**ANSWER**:   In response to paragraph 43, Forest City incorporates its answers to paragraphs 1 through 42 of Plaintiffs' Complaint as if fully rewritten herein.

44.

To the extent that Defendants allege that any of Plaintiffs' claims against them are barred by any statute of limitations, Plaintiffs plead the discovery rule.  Plaintiffs suffered from a latent injury, undiscoverable by reasonable means.  Plaintiffs neither knew nor should have known that they had been harmed, much less that their harm was caused by the wrongful conduct of Defendants until such time that was within the limitations period applicable to the claims they have asserted.

**ANSWER**:   Forest City denies that it engaged in any wrongful conduct that injured Plaintiffs, and denies all remaining allegations in paragraph 44 for lack of information or knowledge sufficient to form a belief as to the truth thereof.

**As to Continuing Tort**

45.

Plaintiffs incorporate herein the allegations contained in Paragraphs 1 through 44.

**ANSWER**:   In response to paragraph 45, Forest City incorporates its answers to paragraphs 1 through 44 of Plaintiffs' Complaint as if fully rewritten herein.

## 46.

To the extent that Defendants allege that any of Plaintiffs' claims against them are barred by any statute of limitations, Plaintiffs plead the continuing tort doctrine. Defendants inflicted injury upon Plaintiffs over a period of time by engaging in continuous wrongful conduct which has continued while Plaintiffs continue to live in the Subject Property.

**ANSWER**: Forest City denies that it inflicted injury upon Plaintiffs, and denies all remaining allegations in paragraph 46 for lack of information or knowledge sufficient to form a belief as to the truth thereof.

### As to Disability of Infancy

## 47.

Plaintiffs incorporate herein the allegations contained in Paragraphs 1 through 46.

**ANSWER**: In response to paragraph 47, Forest City incorporates its answers to paragraphs 1 through 46 of Plaintiffs' Complaint as if fully rewritten herein. Forest City denies that plaintiffs are entitled to judgment.

## 48.

Mikaila Fox, Haley Fox, Christopher M. Fox, Tristan Fox, and Easton Fox are minors, tolling the applicable statute of limitations in accordance with the minors savings clause. See Miss. Code Ann. § 15-1-59.

**ANSWER**: Forest City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies them.

### As to Damages

## 49.

Plaintiffs incorporate herein each and every allegation made in Paragraphs 1 through 48.

**ANSWER**: In response to paragraph 49, Forest City incorporates its answers to paragraphs 1 through 48 of Plaintiffs' Complaint as if fully rewritten herein. Forest City denies that plaintiffs are entitled to judgment.

50.

As a direct and proximate result of the Defendants' wrongful and negligent conduct, Plaintiffs sustained serious injuries, losses, and damages as follows:

A. Plaintiff, Christopher J. Fox, sustained serious and painful personal injuries, property damage, extreme mental and physical pain, suffering, anxiety, anguish and upset, losses and damage to his quality of life, and mental and emotional well-being, reasonable and necessary doctor, hospital, medical and related bills and expenses, all of which he should be compensated for;

B. Plaintiff, Karen Fox, sustained serious and painful personal injuries, property damage, extreme mental and physical pain, suffering, anxiety, anguish and upset, losses and damage to her quality of life, and mental and emotional well-being, reasonable and necessary doctor, hospital, medical and related bills and expenses, all of which she should be compensated for;

C. Plaintiff, Mikaila Fox, sustained serious and painful personal injuries, property damage, extreme mental and physical pain, suffering, anxiety, anguish and upset, losses and damage to her quality of life, and mental and emotional well-being, reasonable and necessary doctor, hospital, medical and related bills and expenses, all of which she should be compensated for;

D. Plaintiff, Haley Fox, sustained serious and painful personal injuries, property damage, extreme mental and physical pain, suffering, anxiety, anguish and upset, losses and

damage to her quality of life, and mental and emotional well-being, reasonable and necessary doctor, hospital, medical and related bills and expenses, all of which she should be compensated for;

E.    Plaintiff, Christopher M. Fox, sustained serious and painful personal injuries, property damage, extreme mental and physical pain, suffering, anxiety, anguish and upset, losses and damage to his quality of life, and mental and emotional well-being, reasonable and necessary doctor, hospital, medical and related bills and expenses, all of which he should be compensated for;

F.    Plaintiff, Tristan Fox, sustained serious and painful personal injuries, property damage, extreme mental and physical pain, suffering, anxiety, anguish and upset, losses and damage to his quality of life, and mental and emotional well-being, reasonable and necessary doctor, hospital, medical and related bills and expenses, all of which he should be compensated for;

G.    Plaintiff, Easton Fox, sustained serious and painful personal injuries, property damage, extreme mental and physical pain, suffering, anxiety, anguish and upset, losses and damage to his quality of life, and mental and emotional well-being, reasonable and necessary doctor, hospital, medical and related bills and expenses, all of which he should be compensated for.

**ANSWER**:  Forest City denies the allegations in paragraph 50 to the extent they pertain to it, and denies all remaining allegations in paragraph 50 for lack of information or knowledge sufficient to form a belief as to the truth thereof.

## As to Punitive Damages

51.

Plaintiffs incorporate herein each and every allegation made in Paragraphs 1 through 50.

**ANSWER**:  In response to paragraph 51, Forest City incorporates its answers to paragraphs 1 through 50 of Plaintiffs' Complaint as if fully rewritten herein.

52.

At all times mentioned herein, Defendants acted with actual malice and/or gross negligence which evidenced a willful, wanton, or reckless disregard for others, or committed actual fraud, and such actions were so oppressive and overbearing that in order to punish the wrongdoer and deter similar misconduct in the future, Defendants should be subject to punitive damages consistent with the statutory scheme in the State of Mississippi.  Specifically, after considering Defendants' financial condition and net worth, the nature and reprehensibility of Defendants' wrongdoing, Defendants' awareness of the amount of harm being caused, and Defendants' motivation in causing such harm, the duration of Defendants' misconduct and attempts to conceal such misconduct, and Miss. Code Ann. § 1 1 -1-65, Defendants should be subject to punitive damages in an amount to be proven at trial and decided by the jury.

**ANSWER**:  Forest City denies the allegations in paragraph 52 to the extent they pertain to it, and denies all remaining allegations in paragraph 52 for lack of information or knowledge sufficient to form a belief as to the truth thereof. Forest City denies that plaintiffs are entitled to judgment.

**As to Attorneys' Fees**

53.

Plaintiffs incorporate herein each and every allegation made in Paragraphs 1 through 52.

**ANSWER**:  In response to paragraph 53, Forest City incorporates its answers to paragraphs 1 through 52 of Plaintiffs' Complaint as if fully rewritten herein.

54.

Defendants are liable for all reasonable attorneys' fees, costs, and expenses incurred in pursuit of this cause if found liable for punitive damages or fraud.

**ANSWER**:  Forest City denies the allegations in paragraph 54 to the extent they pertain to it, and denies all remaining allegations in paragraph 54 for lack of information or knowledge sufficient to form a belief as to the truth thereof. Forest City denies that plaintiffs are entitled to judgment.

**SECOND DEFENSE**

Plaintiffs' Complaint fails to state a claim against Forest City upon which relief can be granted and should be dismissed with prejudice.

**THIRD DEFENSE**

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

**FOURTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by laches, equitable estoppel, waiver, and/or acquiescence.

**FIFTH DEFENSE**

Plaintiffs' damages, if any, were caused by Plaintiffs' own negligence and/or contributory negligence.  Therefore, Plaintiffs' damages, if any, should be diminished in proportion to the amount of negligence attributable to Plaintiffs' pursuant to Mississippi Code Annotated § 11-7-15.

**SIXTH DEFENSE**

Plaintiffs' damages, if any, were caused by Plaintiffs' voluntary assumption of the risk.

## SEVENTH DEFENSE

Plaintiffs' damages, if any, were caused and/or contributed to by the negligence or fault of other parties over whom Forest City had neither control nor right of control.

## EIGHTH DEFENSE

Plaintiffs' damages, if any, are the result of intervening and/or superseding causes beyond Forest City's control.

## NINTH DEFENSE

Forest City asserts all rights and claims it may have pursuant to Miss. Code § 85-5-7, as amended, and other applicable Mississippi law for contribution among joint tortfeasors, apportionment of fault and other safeguards contained therein and/or setoff of any amount paid in settlement or reimbursement by any other person, entity or defendant.

## TENTH DEFENSE

Forest City pleads all rights and defenses available under Mississippi Code Annotated § 11- 1-65.

## ELEVENTH DEFENSE

Plaintiffs' damages claims are barred to the extent that such damages are speculative and conjectural and / or unrelated to any act or omission of Forest City.

## TWELFTH DEFENSE

Plaintiffs' claims, if any, are barred, reduced and/or limited pursuant to any other applicable limitations of awards, caps on recovery, and setoffs permitted by law, including, but not limited to applicable state law regarding non-economic loss or injury, and applicable state law related to amounts paid or provided by collateral sources.

## THIRTEENTH DEFENSE

To the extent that the claims stated in the Complaint have been settled, compromised, or otherwise discharged, a set off is due.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred because Forest City complied with the applicable codes, standards, regulations, and specifications.

## FIFTEENTH DEFENSE

Plaintiffs have failed to meet and/or plead claims sufficient to invoke 42 U.S.C. 9658(a)(1).

## SIXTEENTH DEFENSE

Plaintiffs' claims, or some of them, are barred by the provisions of Miss. Code Ann. § 15-1-41.

## SEVENTEENTH DEFENSE

Plaintiffs' Complaint is vague and fails to plead with the requisite particularity specific facts relating to the claims of each Plaintiff against a particular Defendant or identified Defendants as required by law.

## EIGHTEENTH DEFENSE

A damage award based on conspiracy constitutes a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States, as well as, Article 3, Section 14 of the Constitution of the State of Mississippi.

## NINETEENTH DEFENSE

There should be no recovery of punitive damages against Forest City because such a recovery would violate:

a.  The Eighth Amendment to the Constitution of the United States;

b.  The Fourteenth Amendment to the Constitution of the United States;

c.  The Fifth Amendment to the Constitution of the United States;

d.  The Tenth Amendment to the Constitution of the United States;

e.  Federal common law; and

f.  The Constitution of the States of Mississippi.

## TWENTIETH DEFENSE

An award of punitive damages against Forest City in this case is unconstitutional and in violation of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as, Article 3, Section 14 of the Constitution of the State of Mississippi.

## TWENTY-FIRST DEFENSE

An award of punitive damages against Forest City in this case would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States, as well as Article 3, Section 28 of the Constitution of the State of Mississippi.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims for punitive damages are barred by the "Double Jeopardy" Clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

## TWENTY-THIRD DEFENSE

An award of punitive damages against Forest City would be controlled and limited by the provisions of Miss. Code Ann. § 11-1-65(3)(a).

## TWENTY-FOURTH DEFENSE

Plaintiffs' recovery against Forest City is barred, diminished, or reduced to the extent that Plaintiffs failed to take reasonable actions to avoid or mitigate damages.

## TWENTY-FIFTH DEFENSE

The conditions alleged by the Plaintiffs to have caused Plaintiffs' injuries, if any, were both open and obvious.

## TWENTY-SIXTH DEFENSE

The injuries, if any, for which Plaintiffs seeks recovery resulted from pre-existing illnesses or conditions not common to other persons and not determinable or foreseeable by this Defendant. All injuries and damages alleged by the Plaintiffs, if any, were proximately contributed to by Plaintiffs' pre-existing injuries and/or other medical or genetic conditions.

## TWENTY-SEVENTH DEFENSE

Plaintiffs have failed to plead allegations of fraud with particularity with respect to Forest City, including allegations that would support a claim for civil conspiracy or fraudulent concealment.

## TWENTY-EIGHTH DEFENSE

Purported claims for alter ego, fraudulent concealment, and intentional endangerment are not independent claims cognizable under Mississippi law.

## TWENTY-NINTH DEFENSE

Forest City is not a party to the Lease, and therefore may not be held liable for breach of contract.

## THIRTIETH DEFENSE

Gross negligence is not an independent cause of action; rather, it is simply a higher degree of negligence. *White v. Nelson*, 196 So. 3d 1039, 1049, 2016 Miss. App. LEXIS 4, *21 (Miss. Ct. App. 2016). Plaintiffs have failed to plead with particularity allegations of gross negligence against Forest City.

## THIRTY-FIRST DEFENSE

Plaintiffs' claim for civil conspiracy must fail because it is not based upon any cognizable underlying tort.

## THIRTY-SECOND DEFENSE

Plaintiffs have failed to plead with particularity allegations of alter ego against Forest City.

## THIRTY-THIRD DEFENSE

Plaintiffs have failed to plead special damages with particularity.

## THIRTY-FOURTH DEFENSE

Defendant is entitled to a credit in the amount of settlements, whenever such may be entered into, in the amounts received by Plaintiffs.

## THIRTY-FIFTH DEFENSE

Affirmatively and alternatively, the defense of spoliation is invoked.

## THIRTY-SIXTH DEFENSE

At all relevant times, Plaintiffs' home complied with all applicable governmental building codes.

## THIRTY-SEVENTH DEFENSE

If it is determined that Forest City has any liability to Plaintiffs, which is denied, Forest City is entitled to any sovereign or governmental immunity available to the United States of America.

## THIRTY-EIGHTH DEFENSE

Liability for Plaintiffs' damages, if any, is due to the negligence and/or conduct of others.

## THIRTY-NINTH DEFENSE

Forest City specifically and affirmatively denies any claims made against it by any co-defendant in this action, including any cross-claims, any claims for indemnity or any other claims filed by any co-defendant.

## FORTIETH DEFENSE

Plaintiffs are not entitled to an award of punitive damages because they failed to allege sufficient facts within the Complaint to demonstrate any conscious disregard for the safety of Plaintiffs, or any willful, wanton or malicious act or omissions, or any other act of conduct on the part of this Defendant which could form the basis for an award of punitive damages.

## FORTY-FIRST DEFENSE

To the extent that the claims attempted to be asserted against this Defendant are predicated upon breach of warranty or breach of other contractual relationships, the same are barred because Plaintiffs have no contractual relationship, express or implied, with this Defendant.

## FORTY-SECOND DEFENSE

Forest City pleads all defenses, objections, and protections afforded by Miss. Code Ann. § 11-1-60, as amended.

## FORTY-THIRD DEFENSE

Forest City hereby gives notice that it intends to rely upon such other defenses as may become available during the discovery proceedings in this case, and hereby reserves the right to amend its Answer, if necessary, in order to assert any such defenses.

WHEREFORE, Defendant Forest City Residential Management respectfully requests that Plaintiffs' Complaint be dismissed with prejudice, that judgment be entered in its favor, and that Forest City be awarded its costs, expenses, and such other relief as the Court deems just.

Respectfully submitted,

/s/ Joshua J. Metcalf
Joshua J. Metcalf, MSB#100340
Alison O'Neal McMinn, MSB#101232
FORMAN WATKINS & KAUTZ LLP
210 East Capitol Street
Suite 2200
Jackson, MS 39201
Telephone: (601) 960-8600
Facsimile: (601) 960-8613
Joshua.Metcalf@formanwatkins.com
Alison.McMinn@fortnanwatkins.com

*Attorneys for Defendant*
*Forest City Residential Management, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify, that on March 26, 2018, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to the following in this case by operation of the Court's electronic filing system:

William Lee Guice Ill, Esq.
Maria Martinez, Esq.
Rushing & Guice, P.L.L.C,
Post Office Box 1925
Biloxi, Mississippi 39533

*Attorneys for Plaintiff*

Walter H. Boone, Esq.
Jennifer J. Skipper, Esq.
188 East Capitol Street
Suite 1400
Jackson, MS 39201

*Attorneys for Defendants Hunt Southern Group, LLC fka Forest City Southern Group, LLC and Hunt MH Property Management, LLC*

/s/ Joshua J. Metcalf
*One of the Attorneys for Defendant*
*Forest City Residential Management, LLC*